**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT F. KENNEDY, Jr., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GOOGLE LLC, a Delaware corporation; YOUTUBE, LLC, a Delaware corporation, <br><br> Defendants - Appellees. | No. 23-3411 <br><br> D.C. No. 3:23-cv-03880-TLT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted May 14, 2024
San Francisco, California

Before: CALLAHAN and SANCHEZ, Circuit Judges, and KRONSTADT, District Judge.**

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

After YouTube[1] removed at least two of Robert F. Kennedy, Jr.'s videos for allegedly containing misinformation about vaccines, Kennedy filed this action asserting that the removals violated his rights under the First Amendment because YouTube's actions should be fairly treated as action by the government. The District Court denied Kennedy's request for a preliminary injunction finding that he had not shown that Google was a "state actor." Kennedy appeals from the denial. We have appellate jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm.

Injunctive relief requires assessment of the following factors: (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent an injunction, (3) a balance of equities, and (4) whether the injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2009). We employ a sliding scale allowing the issuance of a preliminary injunction where serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1133–34 (9th Cir. 2011). A denial of a preliminary injunction is reviewed for abuse of discretion. *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016).

---

[1] YouTube, LLC is a subsidiary of Google LLC. "YouTube" and "Google" are used interchangeably by the parties and in this memorandum.

A private company is not ordinarily subject to the First Amendment's constraints. *See Prager University v. Google, LLC*, 951 F.3d 991, 996 (9th Cir. 2020). Accordingly, Kennedy premises his claims on the assertion that Google was a "state actor" when it removed his videos. A private entity may be considered a state actor when "the alleged constitutional violation was caused by the 'exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *O'Handley v. Weber*, 62 F.4th 1145, 1156 (9th Cir. 2023) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Kennedy asserts that Google acted as a state agent under the nexus test or the joint action test. A private entity may be a state actor under the nexus test where it is shown that "government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *Id.* at 1157 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Alternatively, a private entity may be shown to be a state actor under the joint action test "when the State 'significantly involves itself in the private parties' actions and decisionmaking' in a 'complex and deeply intertwined process.'" *Id*. at 1159 (quoting *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020)).

Google asserts that it is a private entity with its own First Amendment rights

and that it removed Kennedy's videos on its own volition pursuant to its own misinformation policy and not at the behest of the federal government. Kennedy has not rebutted Google's claim that it exercised its independent editorial choice in removing his videos.[2] Nor has Kennedy identified any specific communications from a federal official to Google concerning the removed Kennedy videos, or identified any threatening or coercive communication, veiled or otherwise, from a federal official to Google concerning Kennedy.[3] As Kennedy has not shown that Google acted as a state actor in removing his videos, his invocation of First Amendment rights is misplaced. The district court's denial of a preliminary injunction is **AFFIRMED**.

---

[2]   *See Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2401–02 (2024) (stating that exercising editorial discretion in the selection and presentation of content is speech activity).

[3]   *See Murthy v. Missouri*, 144 S. Ct. 1972, 1987 (2024) (noting that "the platform[], acting independently, had strengthened [its] pre-existing content-moderation policies before the Government . . . got involved.").